UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| RADCLIFFE BANCROFT LEWIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1894 (RC) |
| | ) | |
| SUPERIOR COURT OF THE | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Radcliffe Bancroft Lewis's Petition for Habeas Corpus and Notice of Removal.[1]  For the reasons discussed below, the Court will deny the petition.

Petitioner alleges that "[t]he District of Columbia courts have embarked on prosecuting [him] for theft of a bicycle."  Pet. ¶ 1.  Generally, petitioner challenges the jurisdiction of the Superior Court of the District of Columbia, *see id*., and he deems it "necessary to advance a

---

[1] The docket reflects that petitioner, whose pleading is titled "Petition for Habeas Corpus and Notice of Removal," has paid a filing fee of $5.00.  The Court treats the pleading as a habeas petition alone, and dismisses petitioner's tort claims without prejudice.  If petitioner wishes to pursue his tort claims, he may file a separate civil action and pay the appropriate filing fee (or file an application to proceed *in forma pauperis*).  *See* 28 U.S.C. §§ 1914, 1915(a). Removal of the criminal case is not warranted, and at any rate, the notice of removal is not timely filed.

petition [for a writ of habeas corpus] in order to bar the local court from compelling [him] to submit physically to the local court," *id.* ¶ 7.

Although petitioner may seek habeas relief in district court on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), "a federal court may dismiss an action when there is a direct conflict between the exercise of federal and state jurisdiction and considerations of comity and federalism dictate that the federal court should defer to the state proceedings." *Hoai v. Sun Refining and Marketing Co., Inc.,* 866 F.2d 1515, 1517 (D.C. Cir. 1989) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 9-10 (1987)).[2]  This is such an action.

Petitioner's criminal case appears to be in its early stages, and nothing prevents petitioner from raising his challenge to the Superior Court's jurisdiction in the course of the criminal proceedings in the District of Columbia courts.  *See JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1127 (D.C. Cir. 2004) (noting litigant's opportunity to raise constitutional claims as defenses in Superior Court proceeding).  "Furthermore, it is well settled doctrine that federal courts should not enjoin or otherwise interfere with ongoing proceedings in the Superior Court." *Smith v. Holder*, No. 14-131, 2014 WL 414292, at *1 (D.D.C. Jan. 30, 2014) (citations omitted), *aff'd*, 561 F. App'x 12 (D.C. Cir. 2014); *see In re Justices of Super. Ct. Dep't of Mass. Trial Ct.*, 218 F.3d 11, 19 (1st Cir. 2000) (stating that "federal habeas relief, as a general rule, is not available to defendants seeking pretrial review of constitutional challenges to state criminal

---

[2]  For purposes of this Memorandum Opinion, the Court presumes without deciding that petitioner is "in custody."

proceedings"); *Bolton v. Allen*, No. 12-1272, 2012 WL 2012 WL 5818246, at *1 (D.D.C. Nov. 13, 2012) (dismissing pretrial detainee's civil rights complaint against Superior Court judge and others participating in criminal prosecution under *Younger* abstention doctrine).  This Court, therefore, neither can dismiss the criminal charges pending against petitioner nor will prevent the Superior Court from proceeding in the criminal case against petitioner.  His petition for a writ of habeas corpus will be denied, and this civil action will be dismissed.  An Order is issued separately.


DATE:  December 11, 2014                             /s/
                                                     RUDOLPH CONTRERAS
                                                     United States District Judge